Moshe Rothenberg, Esq.
Attorney at Law
880 E. Elmer Road
Vineland, NJ 08360
Phone: (856) 236-4374
Fax: (856) 405-6769
Attorney for Creditor

August 28, 2015

**Honorable Michael B. Kaplan, U.S.B.J.**
Clarkson S. Fisher Building
402 East State Street
Courtroom #8
Trenton, N.J. 08608

                **In Re:** Gianna S. Sweet
                **Chapter 7 Case No:** 15-14897/MBK

Dear Judge Kaplan:

      I am writing in response to the submission made on behalf of the debtor on August 24, 2015 docket entry #22.  This submission cannot save the debtor's case from dismissal for the following reasons.

      First, Section 521(e)(2)(A) of the Bankruptcy Code, which requires a Chapter 7 or Chapter 13 debtor to provide tax returns to the trustee, states in relevant part:

      *(2)(A)The debtor shall provide-*
      *(i) not later than 7 days before the date first set for the meeting of creditors, to the trustee a copy of the federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencing of the case and for which a federal income tax return was filed; and*
      *(B) if the debtor fails to comply with clause (i) or (ii) of subparagraph a, the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.*

      The statute only references one tax return, not two.  So the proper task is to identify which one should apply in this case.  The court in In re Merrill 340 B.R. 671 (Bankr. D.N.H. 2006) was faced with facts somewhat similar to our own.  There, the debtor filed a Chapter 7 case on January 20, 2006, the 341 was scheduled for February 16, 2006, and because of attorney error, the 2004 tax returns were not provided to the trustee until the eve of the 341.  When the court held that the attorney's failure to provide the returns should be considered a circumstance beyond debtor's control, the trustee countered that even assuming that to be the case, the debtor

supplied the wrong returns, since 2005 was the most recent tax year ending immediately before the commencement of the case, and those were the returns which should have been provided.

In rejecting this argument, the Court carefully considered the language of 521(e)(2)(A) and held that not only the return in question be from the most recent tax year preceding the bankruptcy filing date, but that the tax return was due prior to the petition being filed. Because in that case, the 2005 tax returns was not yet due at the time the debtor filed his bankruptcy, January 20, 2006, 521(e)(2)(A) only applied to the 2004 returns and those returns were provided to the trustee.

Here, the debtor filed her case on March 20, 2015 and so her 2014 tax returns were not yet due, so at least from a purely statutory perspective, 521(e)(2)(A) cannot be used to dismiss debtor's case for failure to provide the 2014 returns. However, the debtor's 2013 returns do qualify as returns that should have been provided to the Trustee under 521(e)(2)(A). Therefore, following the plain language of the statute, this case must be dismissed for failure to provide those returns unless the debtor can demonstrate that the failure to provide those returns is due to circumstances beyond her control.

Even though there may not be a statutory basis to dismiss for failure to provide the 2014 returns, by the time we had the 341 on May 22, 2015, debtor had had over one month to prepare and file those returns and did not even though she was in the middle of a bankruptcy proceeding involving a trustee whose duties are to investigate the financial affairs of the debtor.

As set forth in the debtor's August 24th submission, her extension to file her 2013 returns has already expired and debtor has at this point not provided the Court with a reason why she was not able to timely file those returns. I would also ask that the Court take note of Section 1308 of the Bankruptcy Code. There, the statute gives the debtor additional time to file returns which may or may not be past due as of the filing of the petition. However, there is no such right for Chapter 7 debtors. The only applicable standard for Chapter 7 is the 'circumstances beyond control' standard, and the mere fact that the debtor applied for an extension (which has expired in any event) cannot be considered to rise to that level. Furthermore, even under the 1308 extensions, this debtor would still be beyond the allotted time to file her 2013 returns. Therefore, the mere fact that this debtor has filed for extensions cannot help the debtor avoid the dismissal of this case.

For the above reasons, it is respectfully requested that the Court dismiss this case due to failure to comply with the relevant statutory provisions.

**Respectfully Submitted,**

**Dated: August 28, 2015**                **/s/ Moshe Rothenberg, Esq.**
                                           **Moshe Rothenberg, Esq.**
                                           **Attorney for Creditor**