**340 B.R. 671 (2006)**

**In re Alan H. MERRILL, Debtor.**

<u>No. 06-10046-MWV.</u>

**United States Bankruptcy Court, D. New Hampshire.**

March 29, 2006.

672    *672 Carl D. Hanson, Esq., Law Offices of William Howard Dunn, Claremont, NH, for Debtor.

Michael S. Askenaizer, Esq., Law Offices of Michael S. Askenaizer, Chapter 7 Trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the "Motion of Chapter 7 Trustee for Dismissal of Case" to which the Debtor has filed an objection. The Trustee seeks dismissal because of the Debtor's alleged non-compliance with 11 U.S.C. § 521, as revised by BAPCPA.[1]

## JURISDICTION

673    This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," *673 dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## DISCUSSION

The Debtor filed for Chapter 7 bankruptcy protection on January 20, 2006. The Trustee argues that the Debtor's case should be dismissed pursuant to section 521(e)(2)(A) and (B), which provides:

> (A) The debtor shall provide —
>
> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and
>
> . . . .
>
> (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstance beyond the control of the debtor.

11 U.S.C. § 521 (2005). The Trustee's first argument for dismissal is that the Debtor did not provide the required tax return within seven days of the section 341 meeting, which was scheduled for February 16, 2006. The Debtor submitted the tax return on the eve of the meeting. In this situation, section 521(e)(2)(B) requires dismissal unless the Debtor demonstrates that the late submission was "due to circumstances beyond the control of the debtor." The Debtor has in fact demonstrated that he provided his counsel with the tax return in advance of seven days prior to the meeting, and it was Debtor's counsel's fault that the return was not timely provided to the Trustee. Thus, the Court finds that section 521(e)(2)(B) does not require dismissal as the failure to comply with that provision was "beyond the control of the debtor."

Even if the Debtor's late submission is excused, the Trustee argues that the Debtor did not provide the proper tax return. Section 521(e)(2)(A) requires the submission of a tax return that is the tax return (1) "for the most recent tax year ending

Case 15-14897-MBK    Doc 25    Filed 08/28/15    Entered 08/28/15 14:03:36    Desc Main
Document       Page 2 of 2

immediately before the commencement of the case and [(2)] [for the most recent tax year] for which a Federal income tax return was filed." The Debtor provided his 2004 tax return because he had yet to file his 2005 return. The Trustee argues that the Debtor was required to provide a 2005 tax return. A 2005 tax return would satisfy the first criterion but not the second. The Debtor filed his bankruptcy petition on January 20, and the meeting of the creditors was held February 16. The tax year ending immediately before the Debtor filed his petition was 2005. However, federal law does not require that the 2005 tax return be filed until April 15, 2006, and the Debtor had yet to file his 2005 tax return. Thus, the most recent tax year for which the Debtor filed a return was 2004. The 2004 return, not the 2005 return, meets both criteria provided by section 521. Therefore, the Court finds that the Debtor complied with the Code.

Finally, the Trustee argues that the Debtor has not timely filed his payment advices as required by section 521(a)(1)(B)(iv) and (i)(1). Together, these subsections require a debtor to file within forty-five days of the petition date "payment advices . . . received within 60 days before the date of the filing of the petition" or else the case will be automatically dismissed on the

674     forty-sixth day. Further, Administrative Order 1007-7, adopted pursuant to General Order dated October 14, *674 2005, requires that the payment advices be provided to the trustee at least seven days prior to the section 341 meeting. The Debtor did provide the payment advices within forty-five days of the petition date but did not provide them at least seven days prior to the meeting. When the Code and an Administrative Order conflict, the Code trumps. Therefore, the Court finds the Debtor to be in compliance with section 521. Further, the Administrative Order will be amended so as to be in harmony with the Code.

## CONCLUSION

For the foregoing reasons, the Trustee's motion to dismiss is denied. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

[1] All statutory section references herein are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. § 101, *et seq.*

Save trees - read court opinions online on Google Scholar.